IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANE DOE 1, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:04-CV-1155-F |
| ) | WO |
| AUTAUGA COUNTY BOARD OF ) | |
| EDUCATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

This case is before the court on plaintiffs' "Request to Disclose" (Doc. # 87), which the court construes as a motion to compel. Upon consideration of the motion and defendants' response (Doc. #88), and for good cause, it is

ORDERED that the motion to compel be and hereby is DENIED for the reasons discussed below.

The document at issue is a letter written by a school principal, Angel Garrett, to the superintendent of the Autauga County school system, with a copy to the personnel director. An affidavit prepared by the attorney for the Autauga County Board of Education and filed under seal indicates that counsel asked the principal to investigate an incident at the school and prepare the letter, a copy of which was later turned over to the attorney but not provided to any third party. Defendants contend that the letter is protected from disclosure by the work product and attorney-client privileges.

With regard to the work product privilege, plaintiffs contend that the letter in question

is not work product because it was not authored by counsel and it does not reflect the mental impressions of an attorney. The work product privilege is partially codified in Fed.R.Civ.P. 26(b)(3), which provides qualified protection from discovery to "documents and tangible things ... prepared in anticipation of litigation or for trial" as long as the documents are prepared *"by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."* Fed.R.Civ.P. 26(b)(3)(emphasis added); see also Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir.), modified on other grounds, 30 F.3d 1347 (1994). Thus, by its very terms, Rule 26(b)(3) applies to documents created by a party or by a representative acting on behalf of a party. See In re Polypropylene Carpet Antitrust Litigation, 181 F.R.D. 680, 691 (N.D. Ga. 1998). "The materials need not have been prepared by an attorney ...: work product protection extends to materials prepared by or for a representative of a party, including his agent or consultants, so long as they are prepared in anticipation of litigation." Briggs & Stratton Corp. v. Concrete Sales & Services, 174 F.R.D. 506, 508 (M.D. Ga. 1997).

It is clear that "[i]n claiming the protection of the rule against disclosure of work product, it is sufficient that the materials have been produced in preparation for likely litigation, whether or not a trial ultimately takes place." Id. "However, materials produced in the ordinary course of business and without contemplation of litigation are not privileged." Id. at 509. In this case, it appears to the court that the letter in question was prepared by a party or its agent in anticipation of litigation, and not in the ordinary course of business. Defendants' counsel's affidavit specifically states that he is "not aware of any Autauga

County Board of Education policy" on investigating matters of this kind that was in place prior to the production of the letter in question. Thus, the court concludes that the letter is protected by the work product privilege.

Pursuant to Rule 26(b)(3), a party may obtain discovery of documents protected by the work product doctrine "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3); see also United Kingdom v. United States, 238 F.3d 1312, 1322 (11th Cir. 2001) ("[C]ourts have generally explained in civil matters that to overcome the work product privilege a person must show both a substantial need for the information and that seeking the information through other means would cause undue hardship."). "Even that showing does not suffice when considering so-called 'opinion' work product, such as internal memoranda, that reflects an attorney's mental impressions; these materials are almost always protected from disclosure." Id. Plaintiffs have not shown or attempted to show substantial need and undue hardship in their motion.

Accordingly, plaintiffs are not entitled to discovery of the document at issue, as it is protected by the work product doctrine. Since the work product privilege applies, the court need not reach the question of whether or not the attorney-client privilege also applies. Of course, the underlying facts learned by the party or its representative are not protected by the work product privilege just because they are reflected in a document subject to Rule 26(b)(3), and these facts remain discoverable. See, e.g., In re Theragenics Corp. Securities Litigation,

205 F.R.D. 631, 634 (N.D. Ga. 2002) ("Before and after the amendment to Rule 26, 'the courts consistently held that the work product concept furnished no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he or she had learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.'") (citing Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2023); United States v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990) (A deponent may not assert the work product privilege merely because the inquiry involves facts which are contained in those documents. ... The discovery process is designed to fully inform the parties of the relevant facts involved in their case.).

DONE, this 5th day of May, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE